SAMUEL SEIGER *vs.* DAVID GERBER.

DAVID GERBER *vs.* SAMUEL SEIGER.

Cumberland.    Opinion December 20, 1912.

*Abandonment.    Consent.    Conveyance.    Covenant.    Consideration.*
*Compensation.    Estoppel.    Eviction.    Quiet Enjoyment.*
*Privilege.    Rental.    Sale.    Waiver.*

The plaintiff, Seiger, leased from the defendant, Gerber, by written lease dated December 18, 1909, the entire building situated at No. 2 Portland Pier in Portland, in Cumberland County, with the exception of the fruit store at the corner of said building for the term of four years from the first day of January, 1910. The rental was $330 per year, payable $25.50

monthly in advance; lessor to pay taxes, water rates and do outside repairing and lessee to do inside repairing. The lessee occupied the premises and paid the rent until January 9, 1912, when he abandoned the premises. The reason given for such abandonment was that on November 20, 1911, the lessor, without the lessee's consent, sold to the adjoining proprietor the privilege of attaching a structure to one side and one end of the leased building, thereby shutting out the light and thus constituting a breach of the covenant for quiet enjoyment, and operated as an eviction. The defendant claimed and introduced proof that the sale aforesaid was with the knowledge and consent of the lessee, and that whatever rights the plaintiff had were waived.

*Held:* That upon all the evidence both waived and estoppel on the part of the plaintiff are established.

On motion and exceptions by defendant David Gerber. Sustained.

This is an action to recover damages for breach of covenant for quiet enjoyment of certain premises described in written lease given by said David Gerber to said Samuel Seiger dated December 18, 1909, of the whole building, situated at Number 2, Portland Pier, in Portland, Cumberland County, excepting the fruit store at the corner of said building, to have and to hold for four years from January 1, 1910. The plaintiff claims that on the 20th day of November, 1911, the lessor David Gerber, sold and conveyed in writing, without his consent, to an adjoining proprietor, the privilege of attaching a structure to one side and one end of the leased building, which shut out the light from his premises and rendered them useless and operated as an eviction. The plea was the general issue with brief statement denying the breach of covenant for quiet enjoyment; that he never made any covenant for quiet enjoyment. That the erection of the adjoining building that shut out the light of plaintiff's premises was done with the knowledge, consent and advice of the plaintiff, and that whatever rights he had were waived for a good and sufficient consideration. The jury returned a verdict for the plaintiff for $250. The defendant filed a motion for a new trial.

The case is stated in the opinion.

This is an action between the same parties in *Seiger* v. *Gerber* to recover for one month's rent of the premises described in *Seiger*

v. *Gerber,* from January 1, 1912, in the sum of $27.50, heard in connection with the action between *Seiger* v. *Gerber.* Plea the general issue with brief statement in substance that before said rent became due and before this suit, the plaintiff against the will and consent of the defendant wrongfully entered the premises and ejected and expelled the defendant from possession and kept him out of possession. The jury returned a verdict for the defendant and the plaintiff filed general motion for a new trial, and the following is the mandate of the court in said case.

This case was tried in connection with the action of *Samuel Seiger* v. *David Gerber.* Upon the conclusion Seiger was not evicted from the premises rented to him by Gerber, we see no reason why Gerber should not recover the rent for which he brought suit. There seems to be no defense except that of eviction, based upon a breach of covenant. The verdict, therefore, in this case should be set aside and a new trial granted.

Verdict set aside. New trial granted.

*Clifford E. McLaughlin,* for David Gerber.
*Augustus F. Moulton,* for Samuel Seiger.

SITTING: WHITEHOUSE, C. J., SAVAGE, SPEAR, CORNISH, KING, HALEY, JJ.

SPEAR, J. This case comes before the Law Court upon exceptions and motion for a new trial by defendant after verdict of the jury against him.

The case submitted to the jury under instructions from the court, as appears from the plaintiff's declaration and defendant's pleadings, is briefly as follows: The plaintiff, Seiger, leased from the defendant, Gerber, by written lease in the usual form, dated December 18, 1909 "the following described premises, to wit: the entire building situated at No. 2 Portland Pier in said city, county and State, with the exception of the fruit store at the corner of said building." The term of the lease was four years from the first day of January, 1910. The rental was $330 per year, payable $25.50 monthly in advance. Lessor to pay taxes and water rates and do outside repairing and lessee to do inside repairing.

The lessee, Seiger, who was already occupying the premises, continued his occupancy after January 1, 1910, under the lease, making due payment of rent and complying with the terms of the lease until January 9, 1912, when he abandoned the premises. The reason given for such abandonment was that the lessor, Gerber, had, November 20, 1911, by conveyance in writing, without the lessee's consent, sold to the adjoining proprietor the privilege of attaching a structure to one side and one end of the leased building. Upon this state of facts the plaintiff contends that from the language of his lease was implied a covenant for quiet enjoyment and that the sale of the right to the adjoining proprietor to attach a structure to the side and end of his leasehold amounted to a breach of his convenant, in that such structure shut out the light from his premises, and rendered them useless, and operated as an eviction.

The defendant, Gerber, pleaded the general issue with brief statement admitting the erection of the adjoining building and that it shut out the light of the plaintiff's quiet enjoyment, but denied that any covenant had been broken, and alleged that the plaintiff consented to the erection of the building that shut out the plaintiff's light, and further that whatever rights the plaintiff had were waived for the consideration that Gerber in his conveyance of the said wall rights to the proprietors of Portland Pier had procured for Seiger the right to continue to rent from them for two years the lower floor of another adjacent building, this being the same floor then occupied by Seiger as tenant at will for a place of storage.

It is the opinion of the court that upon the question of waiver and estoppel the defendant's contention must prevail. The plaintiff's admission, that he was present at Booth's office when $300, the amount which the proprietors of the attaching structure were to pay, and that he, himself, told Gerber, through Booth, of this offer together with the positive testimony of Gerber and the convincing testimony of Booth, that the plaintiff consented to Gerber's taking the $300 and even urged it, constitutes a degree of evidence so overwhelming that we cannot avoid the conclusion that the plaintiff, when he denies that he consented to Gerber making the lease for $300, was mistaken. We should put but little stress upon Gerber's testimony alone as against that of the plaintiff but the

circumstances, under which Mr. Booth's knowledge was obtained, touching what was said and done in this transaction, were such that he could scarcely fail to perfectly understand and comprehend them. He was in his office. Both Seiger and Gerber were there. Gerber says he brought Seiger to talk with Booth, because he could not talk English much. This question was under discussion. Booth was telephoning Baxter with regard to what he would pay for the right of attaching the proposed building. He communicated to Seiger, and through Seiger to Gerber, the amount which Baxter offered, and Seiger admits it. Booth further says that the building had been started and that, previous to this occasion, both these parties had been to the proposed location to determine where it was about to be erected, and discovered that it was going to be put up close to the wall of the Gerber block and would as completely shut out the light as if the timbers attached. He also advised them that "they might as well sell the wall rights because they were as badly off any how;" that Seiger agreed with him, and spoke to Gerber about it; that Seiger appeared to be urging him to accept the proposition; that they discussed the matter back and forth for a long time; that Gerber held off for a long time, but finally consented. Then follows this positive testimony of Mr. Booth: Q. After the offer was finally made by Baxter and the matter was explained, did he thereafter make any objection at all? A. No. Q. Did he acquiesce? A. I understand he did. Q. Did he even advise Mr. Gerber to? A. He certainly advised him to. Yes. Q. To accept the Baxter proposition? A. Yes. It also appears that as a compensation for the shed at the end of the building occupied by the plaintiff, Gerber procured the right for Seiger to use and occupy the ground floor of the new building to be erected on the easterly end of the Gerber building at a rental of $2.00 per month for the remaining term of the lease from Gerber to Seiger.

Upon all the evidence it is the opinion of the court that proof of both waiver and estoppel on the part of the plaintiff was ample to establish the defendant's contention upon these issues. *Libby* v. *Haley,* 91 Maine, 333; *Rodgers* v. *Street Railway,* 100 Maine, 90.

*Motion sustained.*